UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHAUN N. GABOR,

    Plaintiff,

v.

GENERAL REVENUE
CORPORATION,

    Defendant.

Case No. 1:20-cv-05085

## COMPLAINT

**NOW COMES** Plaintiff, SHAUN N. GABOR, through undersigned counsel, complaining of Defendant, GENERAL REVENUE CORPORATION as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. SHAUN N. GABOR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 7604 West Strong Street, Norridge, Illinois 60706.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. GENERAL REVENUE CORPORATION ("Defendant") is a corporation organized and existing under the laws of the state of Ohio.

7. Defendant has its principal place of business at 4060 Duke Drive, Suite 200, Mason, Ohio 45040

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff attended Northeastern Illinois University for the Fall 2019 term.

11. As result, he incurred tuition charges.

12. Plaintiff's tuition balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. On January 31, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

13. The schedules filed by Plaintiff included Northeastern Illinois University on Schedule E/F: Creditors Who Have Unsecured Claims.

14. On May 19, 2020, a discharge under 11 U.S.C. § 727 was grated to Plaintiff.

15. Despite Plaintiff's discharge, on or before July 7, 2020, Northeastern Illinois University referred Plaintiff's $4,245.68 balance for collection.

16. Defendant mailed a letter to Plaintiff, dated July 7, 2020, which stated:

> Date: JUL 07 2020
>
> Account Number: 60721583
> Current Amount Due: $4245.68
> Creditor: NORTHEASTERN ILLINOIS UNIVERSITY
>
> Dear SHAUN GABOR:
>
> Your account was referred to General Revenue Corporation by your creditor, NORTHEASTERN ILLINOIS UNIVERSITY, for collection.

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.**

To ensure proper posting of payments, please include your Account Number, 60721583 on your check. We have provided a return envelope for your convenience. You may also log into our website at www.GeneralRevenue.com to make a payment.

Please call (877) 295-9879 to discuss payment arrangements based upon the balance owed and your financial situation. We are willing to work with you to pay off this debt.

We may report information about your account to credit reporting agencies. Please call us today.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

## **DAMAGES**

17. Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

18. Defendant's unlawful collection practices deprived Plaintiff of one of his fundamental rights and led Plaintiff to believe his bankruptcy was for naught.

19. Defendant's unlawful collection practices resulted in anxiety, confusion, inconvenience and mental anguish.

20. Concerned with having had his rights violated, Plaintiff was forced to retain counsel and incur attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

22. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of –
>
>   (A) the character, amount, or legal status of any debt;

15 U.S.C. § 1692e(2)(A)

23. Dunning people for their discharged debts would undermine the "fresh start" rationale of bankruptcy.

24. "A demand for immediate payment while a debtor is in bankruptcy (*or after the debt's discharge*) is 'false' in the sense that it asserts that money is due, although because of the automatic stay (11 U.S.C. § 362) *or the discharge injunction (11 U.S.C. § 524)*, it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) (emphasis added).

25. Thus, Defendant violated 15 U.S.C. §§ 1692e(2)(A) by sending a dunning letter indicating that Plaintiff's $4,245.68 balance was due and payable when the debt was included in Plaintiff's Chapter 7 bankruptcy – constituting a false representation about the legal status of the debt.

**Violation of 15 U.S.C. § 1692f**

26. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

27. Section 524(a)(2) provides in relevant part that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, … or an act, to collect, recover, or offset any such debt as a personal liability of the debtor…" 11 U.S.C. § 524(a)(2).

28. Defendant violated 15 U.S.C. § 1692f(1) by demanding payment from Plaintiff in violation of the discharge injunction provision of the Bankruptcy Code (11 U.S.C. § 524).

29. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

   (1) any actual damage sustained by such person as a result of such failure;

   (2)

       (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

   (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and f(1);

B.    award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C.    award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.    award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.    award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 28, 2020                                      Respectfully submitted,

**SHAUN N. GABOR**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE, LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com